IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THERAGUN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 21-247 (CFC) |
| v. ) | |
| ) | |
| ECHELON FITNESS MULTIMEDIA, ) | |
| LLC, and DOES 1 through 10, ) | |
| ) | |
| Defendants. ) | |

## JOINT CLAIM CONSTRUCTION CHART

Pursuant to Paragraph 16 of the Court's Scheduling Order (D.I. 13), Plaintiff Theragun, Inc., and Defendant Echelon Fitness Multimedia, LLC ("Echelon"), hereby identify the disputed portions of the claims of U.S. Design Patent Nos. D869,387 ("D'387 Patent"), D879,985 ("D'985 Patent"), D880,714 ("D'714 Patent"), D880,715 ("D'715 Patent"), 10,702,448 ("'448 Patent") and 10,857,064 ("'064 Patent").

Attached as Appendix A are tables identifying the claim terms in dispute. Attached as Appendix B are tables identifying agreed-upon constructions. For each disputed term, the parties provide their respective proposed constructions and citations to the intrinsic evidence in support of their respective constructions.

The parties' citations to passages from a particular Patent-in-Suit's written description are also intended to incorporate by reference the corresponding passages

of the written descriptions of related patents. For example, a citation to any passage from the written description of the '448 Patent incorporates by reference the corresponding passage of the '064 Patent. Cited passages are intended to include all figures and tables referenced therein, whether or not referenced.

The parties reserve the right to rely on additional intrinsic evidence to the extent it is necessary to provide additional context or to rebut arguments made by the other party during the claim construction briefing. The parties further reserve the right to rely on any intrinsic evidence identified by the other party. The parties also reserve their rights to rely on extrinsic evidence.

The parties intend to rely on the Patents-in-Suit, the claims of the Patents-in-Suit, the written descriptions of the Patents-in-Suit, the file histories of the Patents-in-Suit, and patents and applications to which the Patents-in-Suit claim priority, including any related patents or patent applications related to the Patents-in-Suit.

The parties understand that the Court may prefer not to consider issues of indefiniteness at the claim construction stage. The parties do not intend to address the merits of any indefiniteness or functionality arguments as part of these claim construction proceedings. As set forth in Terms 8-12 and 14-16 of Appendix A, Defendant includes its indefiniteness positions and reserves its right to advance these arguments at the appropriate time.

A text-searchable PDF of each of the patents is attached as Exhibits A-F.

| | |
|---|---|
| GREENBERG TRAURIG, LLP<br><br>*/s/ Benjamin J. Schladweiler*<br>Benjamin J. Schladweiler (#4601)<br>The Nemours Building<br>1007 North Orange Street,<br>Suite 1200<br>Wilmington, DE 19801<br>schlwadweilerb@gtlaw.com<br>*Attorneys for Defendant Echelon Fitness Multimedia LLC*<br><br>OF COUNSEL:<br><br>Eileen H. Rumfelt<br>MILLER & MARTIN PLLC<br>1180 West Peachtree Street NW<br>Suite 2100<br>Atlanta, GA 30309<br>(404) 962-6100 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Brian P. Egan*<br>Brian P. Egan (#6227)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>began@morrisnichols.com<br>*Attorneys for Plaintiff Theragun, Inc.*<br><br>OF COUNSEL:<br><br>Stanley M. Gibson<br>Gregory S. Cordrey<br>Rod S. Berman<br>JEFFER MANGELS BUTLER<br>  & MITCHELL LLP<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067-4308<br>(310) 203-8080 |

November 22, 2021

3

# APPENDIX A
# TERMS NEEDING CONSTRUCTION AND PROPOSED CONSTRUCTIONS

| | **Claim Term (Patent, claims)** | **Plaintiff's Proposed Constructions and Intrinsic Evidence** | **Defendant's Proposed Constructions and Intrinsic Evidence** |
|---|---|---|---|
| 1 | handle portion<br><br>('448 Patent Claims 1-3, 6, 7, 15; '064 Patent Claims 1, 3, 9, 10, 16, 18, 19) | **Proposed Construction**<br><br>This term should be given its plain and ordinary meaning as understood by a person having ordinary skill in the art at the time of the claimed inventions.<br><br>**Intrinsic Evidence:**<br><br>'448 Patent: 6:23-7:24, 7:49-8:3; 16:23-30, 16:62-65, 17:16-20, 20:48-22:21, FIGs. 1, 2, 7, 8, 13, 14A, claims 1, 3.<br><br>'064 Patent: 16:25-32, 16:65-17:1, 17:19-23, 37:54-39:32, claims 1, 3, 9, 10, 16, 18, 19. | **Proposed Construction**<br><br>"A portion of a handle comprising a linear portion that may be grasped by a user."<br><br>**Intrinsic Evidence:**<br><br>'448 patent - Abstract; 1:63-2:27; 16:9-17:27; FIGS. 1, 2, 7, 13, 14, 14A, 15-18, 24-26, 28, 29; April 17, 2020 Amendment; April 21, 2020 Applicant-Initiated Interview Summary.<br><br>'064 patent - Abstract; 3:25-31; 3:34-37; 5:4-37; 16:17-37; 16:45-55; 16:65-17:30; 28:16-21; FIGS. 1, 1A, 2-5, 11-13, 15, 16, 33, 34, 36-41, 43A; Aug. 18, 2020 Email from B. Swain to Patent Examiner; Sept. 1, 2020 Amendment; Sept. 18, 2020 Reasons for Allowance. |

| | Claim Term (Patent, claims) | Plaintiff's Proposed Constructions and Intrinsic Evidence | Defendant's Proposed Constructions and Intrinsic Evidence |
|---|---|---|---|
| 2 | interior edge<br><br>('448 Patent Claims 2, 7; '064 Patent Claims 9, 16) | **Proposed Construction**<br><br>This term should be given its plain and ordinary meaning as understood by a person having ordinary skill in the art at the time of the claimed inventions.<br><br>**Intrinsic Evidence:**<br><br>'448 Patent: 6:23-7:24, 7:49-8:3; 16:23-30, 16:62-65, 17:16-20, 20:48-22:21, FIGs. 1, 2, 7, 8, 13, 14A, claims 2, 7.<br><br>'064 Patent: 16:25-32, 16:65-17:1, 17:19-23, 37:54-39:32, claims 3, 9, 10, 16. | **Proposed Construction**<br><br>"The linear portion of a handle portion that may be grasped by a user."<br><br>**Intrinsic Evidence:**<br><br>'448 patent - 2:3-27; 16:38-48; 16:62-17:27; FIGS. 1, 2, 7, 13, 14, 14A, 15-18, 24-26, 28, 29; April 17, 2020 Amendment; April 21, 2020 Applicant-Initiated Interview Summary<br><br>'064 patent - 5:11-37; 16:7-13; 16:45-17:30; FIGS. 1, 1A, 2-5, 11-13, 15, 16, 33, 34, 36-41, 43A; Aug. 18, 2020 Email from B. Swain to Patent Examiner; Sept. 1, 2020 Amendment; Sept. 18, 2020 Reasons for Allowance. |
| 3 | handle portion length<br><br>('448 Patent Claims 2, 7; '064 Patent Claims 9, 16) | **Proposed Construction**<br><br>This term should be given its plain and ordinary meaning as understood by a person having ordinary skill in the art at the time of the claimed inventions. | **Proposed Construction**<br><br>"The length dimension of the linear portion of a handle portion." |

| | Claim Term (Patent, claims) | Plaintiff's Proposed Constructions and Intrinsic Evidence | Defendant's Proposed Constructions and Intrinsic Evidence |
|---|---|---|---|
| | | **Intrinsic Evidence:**<br><br>'448 Patent: 6:23-7:24, 7:49-8:3; 16:23-30, 16:62-65, 17:16-20, 20:48-22:21, FIGs. 1, 2, 7, 8, 13, 14A, claims 2, 7.<br><br>'064 Patent: 16:25-32, 16:65-17:1, 17:19-23, 37:54-39:32, claims 3, 9, 10, 16. | **Intrinsic Evidence:**<br><br>'448 patent - 2:3-27; 16:38-48; 16:62-17:27; FIGS. 1, 2, 7, 13, 14, 14A, 15-18, 24-26, 28, 29; April 17, 2020 Amendment; April 21, 2020 Applicant-Initiated Interview Summary<br><br>'064 patent - 5:11-37; 16:45-17:30; FIGS. 1, 1A, 2-5, 11-13, 15, 16, 33, 34, 36-41, 43A; Aug. 18, 2020 Email from B. Swain to Patent Examiner; Sept. 1, 2020 Amendment. |
| 4 | the first handle portion defines a first axis<br><br>the second handle portion defines a second axis<br><br>the third handle portion defines a third axis | **Proposed Construction**<br><br>This term should be given its plain and ordinary meaning as understood by a person having ordinary skill in the art at the time of the claimed inventions.<br><br>**Intrinsic Evidence:**<br><br>'448 Patent: 6:23-7:24, 7:49-8:3; 16:23-30, 16:62-65, 17:16-20, 20:48-22:21, FIGs. 1, 2, 7, 8, 13, claims 1, 6. | **Proposed Construction**<br><br>"The [first/second/third] handle portion defines a single axis that extends along a line through the length of the linear portion of the handle portion."<br><br>**Intrinsic Evidence:**<br><br>'448 patent - Abstract; 1:63-2:2; 3:55-58; 4:23-27; 4:54-61; 7:49-58; 16:31-35; FIGS. 1, 2, 7, 13, 14, 14A, 15-18, |

3

|  | Claim Term (Patent, claims) | Plaintiff's Proposed Constructions and Intrinsic Evidence | Defendant's Proposed Constructions and Intrinsic Evidence |
|---|---|---|---|
|  | ('448 Patent Claims 1, 6; '064 Patent Claims 1, 16) | '064 Patent: 16:25-32, 16:65-17:1, 17:19-23, 37:54-39:32, claims 3, 10. | 24-26, 28, 29; April 17, 2020 Amendment; April 21, 2020 Applicant-Initiated Interview Summary.<br><br>'064 patent - Abstract; 3:25-31; 3:34-37; 5:4-37; 16:33-37; FIGS. 1, 1A, 2-5, 11-13, 15, 16, 33, 34, 36-41, 43A; Aug. 18, 2020 Email from B. Swain to Patent Examiner; Sept. 1, 2020 Amendment. |
| 5a | first, second, and third handle portions that cooperate to define a handle opening<br><br>('448 Patent Claims 1, 6) | **Proposed Construction**<br><br>This term should be given its plain and ordinary meaning as understood by a person having ordinary skill in the art at the time of the claimed inventions.<br><br>**Intrinsic Evidence:**<br><br>'448 Patent: 1:37-45, 16:15-30, 16:43-47, 16:63-65, 20:48-22:21, claims 1, 6;<br><br>'064 Patent: 3:25-28, 4:45-58, 16:40-49, 16:65-17:1, 17:19-25, 37:54-39:32, claims 11, 22. | **Proposed Construction**<br><br>"First, second and third handle portions that work together to define the perimeter of a polygon shaped handle opening."<br><br>**Intrinsic Evidence:**<br><br>'448 patent - Abstract; 1:58-2:27; 16:9-17:27; FIGS. 1, 2, 7, 13, 14, 14A, 15-18, 24-26, 28, 29; April 17, 2020 Amendment; April 21, 2020 Applicant-Initiated Interview Summary |

| | **Claim Term (Patent, claims)** | **Plaintiff's Proposed Constructions and Intrinsic Evidence** | **Defendant's Proposed Constructions and Intrinsic Evidence** |
|---|---|---|---|
| | | | '064 patent - Abstract; 3:25-31; 3:34-37; 5:4-37; 16:17-37; 16:45-55; 16:65-17:30; 28:16-21; FIGS. 1, 1A, 2-5, 11-13, 15, 16, 33, 34, 36-41, 43A; Aug. 18, 2020 Email from B. Swain to Patent Examiner; Sept. 1, 2020 Amendment. |
| 5b | first, second, and third handle portions and a head portion that cooperate to [at least partially] define a handle opening

('064 Patent Claims 1, 16) | **Proposed Construction**

This term should be given its plain and ordinary meaning as understood by a person having ordinary skill in the art at the time of the claimed inventions.

**Intrinsic Evidence:**

'448 Patent: 1:37-45, 16:15-30, 16:43-47, 16:63-65, 20:48-22:21.

'064 Patent: 3:25-28, 4:45-58, 16:40-49, 16:65-17:1, 17:19-25, 37:54-39:32, claims 1, 11, 16, 22. | **Proposed Construction**

"First, second and third handle portions and a head portion that work together to [at least partially] define the perimeter of a polygon shaped handle opening."

**Intrinsic Evidence:**

'448 patent - Abstract; 1:58-2:27; 16:9-17:27; FIGS. 1, 2, 7, 13, 14, 14A, 15-18, 24-26, 28, 29; April 17, 2020 Amendment; April 21, 2020 Applicant-Initiated Interview Summary

'064 patent - Abstract; 3:25-31; 3:34-37; 5:4-37; 16:17-37; 16:45-55; 16:65-17:30; 28:16-21; FIGS. 1, 1A, 2-5, 11-13, 15, 16, 33, 34, 36-41, 43A; Aug. 18, |

5

| | **Claim Term (Patent, claims)** | **Plaintiff's Proposed Constructions and Intrinsic Evidence** | **Defendant's Proposed Constructions and Intrinsic Evidence** |
|---|---|---|---|
| | | | 2020 Email from B. Swain to Patent Examiner; Sept. 1, 2020 Amendment. |
| 6 | the first, second, and third axes cooperate to form a triangle<br><br>('448 Patent Claims 1, 6; '064 Patent Claim 1) | **Proposed Construction**<br><br>This term should be given its plain and ordinary meaning as understood by a person having ordinary skill in the art at the time of the claimed inventions.<br><br>**Intrinsic Evidence:**<br><br>'048 Patent: 1:50-54, 16:31-35, FIGs. 14-18, 24-25, 20:48-22:21, claims 1, 6.<br><br>'064 Patent: 3:25-31, 4:58-65, 4:66-5:10, 16:33-37, 37:54-39:32, FIGs. 1-5, 11, 12, 15, 16, 33, 36-40, claim 1. | **Proposed Construction**<br><br>"Each of the first, second, and third axes work together to define a triangle-shaped handle opening."<br><br>**Intrinsic Evidence:**<br><br>'448 patent - Abstract; 1:63-2:2; 16:31-35; FIGS. 14, 14A, 15-18, 24-26, 28, 29; April 17, 2020 Amendment; April 21, 2020 Applicant-Initiated Interview Summary<br><br>'064 patent - Abstract; 3:25-31; 3:34-37; 5:4-10; 16:33-37; 16:45-55; FIGS. 1, 1A, 2-5, 11-13, 15, 16, 33, 34, 36-41, 43A; Aug. 18, 2020 Email from B. Swain to Patent Examiner; Sept. 1, 2020 Amendment. |

| | Claim Term (Patent, claims) | Plaintiff's Proposed Constructions and Intrinsic Evidence | Defendant's Proposed Constructions and Intrinsic Evidence |
|---|---|---|---|
| 7 | push rod assembly<br><br>('448 Patent Claims 1, 6; '064 Patent Claims 1, 2, 16) | **Proposed Construction**<br><br>This term should be given its plain and ordinary meaning as understood by a person having ordinary skill in the art at the time of the claimed inventions.<br><br>**Intrinsic Evidence:**<br><br>'448 Patent: 1:34-45, 20:48-22:21, claims 1, 2, 12, 16, 21.<br><br>'064 Patent: 4:45-53, 29:59-30:3, 37:54-39:32, claims 1, 2, 16. | **Proposed Construction**<br><br>"An assembly of components, separate from the motor, that attaches to and extends from a distal end of a rotating shaft of the motor, or from a distal end of a rotating shaft driven by the motor, and translates the rotational motion of the motor into reciprocating motion of a rod."<br><br>**Intrinsic Evidence:**<br><br>'448 patent - Abstract; 18:26-28; 18:53-56; 19:20-30; 20:1-7; FIGS. 3A, 3B, 4, 8. 10. 11A-11E, 12, 19-23.<br><br>'064 patent - Abstract; 19:22-20:9; 28:34-65; 29:51-56; 29:59-30:3; FIGS. 6-10, 14, 42A, 42B; Aug. 18, 2020 Email from B. Swain to Patent Examiner. |
| 8 | long enough | **Proposed Construction** | **Proposed Construction**<br><br>Indefinite |

7

| | Claim Term (Patent, claims) | Plaintiff's Proposed Constructions and Intrinsic Evidence | Defendant's Proposed Constructions and Intrinsic Evidence |
|---|---|---|---|
| | ('448 Patent Claims 2, 7; '064 Patent Claims 9, 16) | This term should be given its plain and ordinary meaning as understood by a person having ordinary skill in the art at the time of the claimed inventions.<br><br>Plaintiff will identify its intrinsic support in response to Defendant's invalidity based on indefiniteness at the appropriate time when this issue is briefed to the Court.  *See Magnolia Medical Technologies, Inc. v. Kurin, Inc.*, C.A. No. 19-97-CFC-CJB, Order dated April 14, 2020 ("Defendant is hereby reminded that it is the practice of this judge not to entertain invalidity and unenforceability contentions made directly or indirectly through claim construction briefing and argument."). | **Intrinsic Evidence:**<br>'448 patent - 2:3-20; 7:15-21; 16:38-43<br><br>'064 patent - 5:11-30; 16:7-13; 16:40-45 |
| 9 | when a user grasps the first handle portion<br><br>('448 Patent Claims 2, 7; '064 Patent Claims 9, 16) | **Proposed Construction**<br><br>This term should be given its plain and ordinary meaning as understood by a person having ordinary skill in the art at the time of the claimed inventions. | **Proposed Construction**<br><br>Indefinite for apparatus claim 7 of '448 patent and apparatus claim 9 of the '064 patent |

8

| | Claim Term (Patent, claims) | Plaintiff's Proposed Constructions and Intrinsic Evidence | Defendant's Proposed Constructions and Intrinsic Evidence |
|---|---|---|---|
| | | Plaintiff will identify its intrinsic support in response to Defendant's invalidity based on indefiniteness at the appropriate time when this issue is briefed to the Court. *See Magnolia Medical Technologies, Inc. v. Kurin, Inc.*, C.A. No. 19-97-CFC-CJB, Order dated April 14, 2020 ("Defendant is hereby reminded that it is the practice of this judge not to entertain invalidity and unenforceability contentions made directly or indirectly through claim construction briefing and argument."). | **Intrinsic Evidence:**<br><br>None. |
| 10 | housing length<br><br>('448 Patent Claim 17; '064 Patent Claim 20) | **Proposed Construction**<br><br>This term should be given its plain and ordinary meaning as understood by a person having ordinary skill in the art at the time of the claimed inventions.<br><br>Plaintiff will identify its intrinsic support in response to Defendant's invalidity based on indefiniteness at the appropriate time when this issue is briefed to the Court. *See Magnolia* | **Proposed Construction**<br><br>Indefinite<br><br>**Intrinsic Evidence:**<br><br>'448 patent - April 17, 2020 Amendment<br><br>'064 patent - Aug. 18, 2020 Email from B. Swain to Examiner Stuart. |

| | **Claim Term (Patent, claims)** | **Plaintiff's Proposed Constructions and Intrinsic Evidence** | **Defendant's Proposed Constructions and Intrinsic Evidence** |
|---|---|---|---|
| | | *Medical Technologies, Inc. v. Kurin, Inc.*, C.A. No. 19-97-CFC-CJB, Order dated April 14, 2020 ("Defendant is hereby reminded that it is the practice of this judge not to entertain invalidity and unenforceability contentions made directly or indirectly through claim construction briefing and argument."). | |
| 11 | forwardly ('448 Patent Claim 17; '064 Patent Claim 20) | **Proposed Construction**<br><br>This term should be given its plain and ordinary meaning as understood by a person having ordinary skill in the art at the time of the claimed inventions.<br><br>Plaintiff will identify its intrinsic support in response to Defendant's invalidity based on indefiniteness at the appropriate time when this issue is briefed to the Court. *See Magnolia Medical Technologies, Inc. v. Kurin, Inc.*, C.A. No. 19-97-CFC-CJB, Order dated April 14, 2020 ("Defendant is hereby reminded that it is the practice of | **Proposed Construction**<br><br>Indefinite<br><br>**Intrinsic Evidence:**<br><br>'448 patent - April 17, 2020 Amendment<br><br>'064 patent - Aug. 18, 2020 Email from B. Swain to Examiner Stuart |

| | **Claim Term (Patent, claims)** | **Plaintiff's Proposed Constructions and Intrinsic Evidence** | **Defendant's Proposed Constructions and Intrinsic Evidence** |
|---|---|---|---|
| | | this judge not to entertain invalidity and unenforceability contentions made directly or indirectly through claim construction briefing and argument."). | |
| 12 | transverse plane ('448 Patent Claim 18; '064 Patent Claim 21) | **Proposed Construction**<br><br>This term should be given its plain and ordinary meaning as understood by a person having ordinary skill in the art at the time of the claimed inventions.<br><br>Plaintiff will identify its intrinsic support in response to Defendant's invalidity based on indefiniteness at the appropriate time when this issue is briefed to the Court. *See Magnolia Medical Technologies, Inc. v. Kurin, Inc.*, C.A. No. 19-97-CFC-CJB, Order dated April 14, 2020 ("Defendant is hereby reminded that it is the practice of this judge not to entertain invalidity and unenforceability contentions made directly or indirectly through claim construction briefing and argument."). | **Proposed Construction**<br><br>Indefinite<br><br>**Intrinsic Evidence:**<br><br>'448 patent - April 17, 2020 Amendment<br><br>'064 patent - Aug. 18, 2020 Email from B. Swain to Examiner Stuart |

11

|    | **Claim Term (Patent, claims)** | **Plaintiff's Proposed Constructions and Intrinsic Evidence** | **Defendant's Proposed Constructions and Intrinsic Evidence** |
|----|---|---|---|
| 13 | "The ornamental design for a rechargeable battery, as shown in the solid lines and associated claims surfaces of Figures 1-6 and described in the specification of the D'387 patent." (D'387 Patent Claim) | **Proposed Construction**<br><br>"The ornamental design for a rechargeable battery, as shown in the solid lines and associated claimed surfaces of Figures 1-6 considered as a whole with the broken lines in the figures forming no part of the claimed design."<br><br>**Intrinsic Evidence:**<br><br>FIGs. 1-6. | **Proposed Construction**<br><br>"The ornamental design for a rechargeable battery limited to the solid lines and associated claimed surfaces of Figures 1-6."<br><br>**Intrinsic Evidence:**<br><br>FIGs. 1-6. |

|  | **Claim Term (Patent, claims)** | **Plaintiff's Proposed Constructions and Intrinsic Evidence** | **Defendant's Proposed Constructions and Intrinsic Evidence** |
|---|---|---|---|
| 14 | "The ornamental design for a percussive massage device, as shown in the solid lines and associated claimed surfaces of Figures 1-7 and described in the specification of the D'985 patent." (D'985 Patent Claim) | **Proposed Construction**<br><br>"The ornamental design for a percussive massage device, as shown in the solid lines and associated claimed surfaces of Figures 1-7 considered as a whole with the broken lines in the figures forming no part of the claimed design."<br><br>**Intrinsic Evidence:**<br><br>FIGs. 1-7. | **Proposed Construction**<br><br>Indefinite, but in the alternative if it is to be construed: "The ornamental design for a percussive massage device limited to the solid lines and associated claimed surfaces of Figures 1-7."<br><br>**Intrinsic Evidence:**<br><br>FIGs. 1-7. |
| 15 | "The ornamental design for a percussive massage device, as shown in the solid lines and associated claimed surfaces of Figures 1-7 and described in the specification of the D'714 patent." | **Proposed Construction**<br><br>"The ornamental design for a percussive massage device, as shown in the solid lines and associated claimed surfaces of Figures 1-7 considered as a whole with the broken lines in the figures forming no part of the claimed design."<br><br>**Intrinsic Evidence:**<br><br>FIGs. 1-7. | **Proposed Construction**<br><br>Indefinite, but in the alternative if it is to be construed: "The ornamental design for a percussive massage device limited to the solid lines and associated claimed surfaces of Figures 1-7."<br><br>**Intrinsic Evidence:**<br><br>FIGs. 1-7. |

| | Claim Term (Patent, claims) | Plaintiff's Proposed Constructions and Intrinsic Evidence | Defendant's Proposed Constructions and Intrinsic Evidence |
|---|---|---|---|
| | (D'714 Patent Claim) | | |
| 16 | "The ornamental design for a percussive massage device, as shown in the solid lines and associated claimed surfaces of Figures 1-7 and described in the specification of the D'715 patent." (D'715 Patent Claim) | **Proposed Construction**<br><br>"The ornamental design for a percussive massage device, as shown in the solid lines and associated claimed surfaces of Figures 1-7 considered as a whole with the broken lines in the figures forming no part of the claimed design."<br><br>**Intrinsic Evidence:**<br><br>FIGs. 1-7. | **Proposed Construction**<br><br>Indefinite, but in the alternative if it is to be construed: "The ornamental design for a percussive massage device limited to the solid lines and associated claimed surfaces of Figures 1-7."<br><br>**Intrinsic Evidence:**<br><br>FIGs. 1-7. |

# APPENDIX B

# AGREED-UPON CONSTRUCTIONS

| | Claim Term (Patent, claims) | Agreed-Upon Construction |
|---|---|---|
| | [the first/second/third] handle portion is generally straight<br><br>('448 Patent Claims 1, 6; '064 Patent Claims 3, 10, 18, 19) | "The majority of the [first/second/third] handle portion is straight, but can include rounded edges or corners where different handle portions meet or where handle portions meet the bulge portion or the finger protrusion, etc." |